UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNA GANZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>LORETTA LYNCH, et al.,<br><br>　　　　Defendants. | Case No.  15-cv-03214-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AND REMAND**<br><br>Re: ECF No. 7 |

　　　　Before the Court is Defendants' Motion to Dismiss and Remand.  For the reasons stated below, the Court will grant the motion and will order the case remanded to the United States Citizenship and Immigration Services.

I.     BACKGROUND

　　　　Plaintiff Inna Ganz has filed a complaint under 8 U.S.C. § 1447(b) in this Court, requesting that it assert jurisdiction over her naturalization application and either adjudicate the application itself or remand it to United States Citizenship and Immigration Services ("USCIS") with instructions to immediately adjudicate it.  ECF No. 1 at 8.  Mrs. Ganz, who alleges that she has been a Lawful Permanent Resident since December 2010, submitted a Form N-400 applying for naturalization in July 2014.  Id. at ¶¶ 12-13.  She states that she was interviewed by an immigration officer on November 21, 2014.  Id. at ¶ 16.  Under 8 U.S.C. § 1447(b), if USCIS has not made a determination on a naturalization application "before the end of the 120-day period after the date on which the examination is conducted . . . the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter."  See also 8 C.F.R. § 336.1 (requiring USCIS, if it has decided to deny an application, to "serve a written notice of denial upon an applicant for naturalization no later than 120 days after the date of the applicant's first examination on the application.").  The district court then has jurisdiction over

the application and may "either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." 8 U.S.C. § 1447(b).

Plaintiff alleges that March 21, 2015 marked the end of the 120-day period. ECF No. 1 at ¶ 18. Despite several attempts to contact USCIS, she alleges that she had still not received a response from USCIS on July 10, 2015, the date of filing of her complaint. Id. at 20-27.

Defendants filed their Motion to Dismiss and Remand on September 3, 2015. In it, they state that on July 28, 2015 (approximately two and a half weeks after Mrs. Ganz filed her complaint), they issued her a Notice of Intent to Deny based on a May 10, 2015 statement from David MacComiskey that disavowed his marriage to Mrs. Ganz as a sham. ECF No. 7 at 3. They therefore request that the Court remand the case back to USCIS to adjudicate the application.[1] Id. at 4. In Plaintiff's Response, she states that would be willing to stipulate to a remand of the case to USCIS, but only with instructions that USCIS must (1) adjudicate it within 60 days of the remand and (2) may only rely on her file as it existed on March 21, 2015, the end of the 120-day statutory period. ECF No. 10 at 5. She argues that USCIS should be equitably estopped from using the statement from Mr. MacComiskey or any other evidence that it obtained after the 120-day period based on their extensive delay in violation of 8 C.F.R. 336.1(a) in resolving her application. ECF No. 10 at 3.

## II. ANALYSIS

### A. Equitable Estoppel Legal Standard

Plaintiff's argument for limiting the adjudication of her application on remand to evidence obtained within the 120-day period is grounded in the doctrine of equitable estoppel. The doctrine of equitable estoppel is a "creature of equity" that is intended to prevent a party "from asserting his rights under a general technical rule of law, when he has so conducted himself that it would be contrary to equity and good conscience." Granite State Ins. Co. v. Smart Modular Tech., Inc., 76 F.3d 1023, 1027 (9th Cir. 1996) (quoting John N. Pomeroy, Equity Jurisprudence § 802 (Spencer

---

[1] Defendants also argue that particular defendants should be dismissed from the case because they did not play a role in the alleged injury. Because the case will be remanded to the USCIS, the Court denies these requests are denied as moot.

W. Symons 5th ed. 1941). Equitable estoppel is available against the government, although the bar is higher than against a private litigant. Watkins v. U.S. Army, 875 F.2d 699, 706 (9th Cir. 1989). A party raising equitable estoppel against the government must first "establish affirmative misconduct going beyond mere negligence," and "even then, estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability." Id. at 707 (internal quotation marks and citation omitted).

### B.     Plaintiff Is Not Entitled to Equitable Estoppel

Plaintiff does not, and cannot, assert that USCIS is directly prohibited by law from continuing to investigate her application after the 120-day period has elapsed. 8 U.S.C. § 1447(b) refers only to the date on which the USCIS "make[s] a *determination*" on her application, not the date on which it completes its investigation. See also 8 C.F.R. § 336.1(a) (requiring USCIS to "*serve a written notice of denial* upon an applicant for naturalization no later than 120 days after the date of the applicant's first examination" (emphasis added)); cf. U.S. v. Hovsepian, 359 F.3d 1144, 1168-69 (9th Cir. 2004) (instructing the district court to review a naturalization application under 8 U.S.C. § 1447(b) because 120 days had elapsed, but also to "permit the parties to introduce additional evidence relevant to the issue of good moral character").

Instead, Mrs. Ganz's argument for equitable estoppel is that the government's delay in processing her application goes beyond "mere delay" and becomes affirmative misconduct. It is true that the government has missed ─ by several months ─ the 120-day deadline established by 8 C.F.R. § 336.1 for adjudicating Mrs. Ganz's application. Nevertheless, she does not explain how or why the delay constitutes affirmative misconduct. Plaintiff relies on the length of the delay but does not suggest that it is particularly unusual – and indeed, it appears the opposite is true. Maniulit v. Majorkas, No. 3:12-CV-04501-JCS, 2012 WL 5471142, at *4 (N.D. Cal. Nov. 9, 2012) ("[M]any applications for naturalization are delayed for several months or years."). She argues that "[w]hat moved the defendants' actions from delay to misconduct . . . was the field investigation undertaken not only after the examination interview but after the running of the 120 day period." ECF No. 10 at 3. However, as has already been established, the USCIS was not

3

1  prohibited from conducting such an investigation.

2  Further, Mrs. Ganz does not show the existence of a "serious injustice" that will occur in
3  the absence of estoppel. Even if USCIS had not filed its intervening NOID, and Mrs. Ganz were
4  allowed to proceed with her case in this Court, the only relief to which she would be entitled under
5  8 U.S.C. § 1447(b) is an adjudication of her application by either this Court or USCIS. During the
6  process of adjudicating her application, nothing would have prevented USCIS from conducting
7  further investigation and obtaining the same information that she now seeks to exclude.
8  Therefore, it is unclear how allowing USCIS to use this information would constitute a serious
9  injustice.

10  The Court concludes that equitable estoppel is not appropriate here, and accordingly will
11  not grant Plaintiff's request to instruct USCIS that it may only rely on the information in her file
12  as of March 21, 2015.

### C. The Application Should Be Remanded

The government requests that the Court remand the application to USCIS for adjudication. "Although district courts have jurisdiction to decide applications for naturalization, the vast majority of courts remand these matters to the USCIS to decide in the first instance whether to grant or deny citizenship." Maniulit v. Majorkas, No. 3:12-CV-04501-JCS, 2012 WL 5471142, at *3 (N.D. Cal. Nov. 9, 2012); see also I.N.S. v. Orlando Ventura, 537 U.S. 12, 16-17 (2002) ("Generally speaking, a [court] should remand a case to an agency for decision of a matter that statutes place primarily in agency hands," a principle that "has obvious importance in the immigration context.")

In line with the foregoing authorities, the Court concludes that remand is appropriate here. Plaintiff has requested that USCIS be instructed to resolve the application within sixty days of the issuance of this Court's order. Given the several months of delay already experienced by Plaintiff, this request is also appropriate.

/ / /

/ / /

/ / /

4

## CONCLUSION

Defendant's motion to remand the case to USCIS is granted. USCIS is ordered to adjudicate Plaintiff's application for naturalization within sixty days of this order.

**IT IS SO ORDERED.**

Dated: December 29, 2015

JON S. TIGAR
United States District Judge